[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON DEFENDANTS' OBJECTIONS TO PLAINTIFF'S INTERROGATORIES AND REQUESTS FOR PRODUCTION
The Court, having reviewed the defendants' objections to plaintiff's interrogatories and requests for production, as supported and opposed by letter briefs from all parties filed pursuant to the Court's Scheduling Order of October 26, 1999, hereby enters the following ORDERS:
With respect to defendant Bridgeport Hospital:
 1. The defendant's objection to Interrogatory #1 is OVERRULED in the following respects:
 a. The defendant must state the name of each of its employees who participated in rendering any medical services (including care, treatment, monitoring and/or diagnostic services) to plaintiff's decedent, Crafton Blake, from April 2, 1992 through April 8, 1992. CT Page 2862
 b. As to each such employee, the defendant shall state the date he or she participated in rendering such medical services, the nature of the services rendered, and the employee's position with the defendant at the time such services were rendered.
 c. If the employee in question is no longer employed by the defendant, the defendant shall state the last known address of said employee. Addresses of current employees need not be revealed to the plaintiff or her counsel.
 2. The defendant's objection to Interrogatory #2 is OVERRULED in the following respects:
 a. The defendant must state the date on which each employee identified in response to Interrogatory #1 commenced employment at the defendant Hospital:
 b. The defendant must state all positions held by such employee at the defendant Hospital through April 8, 1992, and the dates thereof.
 c. The defendant must state all licenses or certifications received by such employee through April 8, 1992, and the dates thereof.
The defendant's objection to the balance of Interrogatory #2 is SUSTAINED, without prejudice to the plaintiff's right to renew such inquiries on deposition.
3. The defendant's objection to plaintiff's Interrogatory #12 is OVERRULED insofar as it seeks to resist the disclosure of any non-privileged communications between any of its employees, agents, administrators or directors and any of its co-defendants concerning medical care rendered to the plaintiff's decedent in April of 1992. As to any such non-privileged communication, the defendant shall describe it in substance, state when and where it took place, and identify each person who was present when it occurred.
Insofar as the defendant objects to the disclosure of any communication between itself and any of its co-defendants on the ground of privilege, the defendant shall prepare and serve the plaintiff with a suitable privilege log listing, for each such communication: when and where it took place; how it was made CT Page 2863 (orally or in writing); if made orally, who was present when it was made; if made in writing, to whom was the original or any copy thereof was directed; in general terms, what was the nature of the communication; and on what basis the communication is claimed to be privileged. Plaintiff's counsel shall be served with any such privilege log on or before March 22, 2000.
4. The defendant's objections to Interrogatories ## 13-15 are OVERRULED under the authority of Baxter v. Cardiology Associatesof New Haven, P.C., 46 Conn. App. 377 (1997). The Court readsBaxter to require that the plaintiff be notified at the earliest possible opportunity of the defendant's intention to defend itself at trial by proving that the negligence of another defendant, or of any settled or released person, contributed materially to the production of the plaintiff's injuries. The purpose to be served by requiring such advance notice is to ensure both that the plaintiff can make effective use of pretrial discovery mechanisms to learn the basis of the defendant's claims and that, by so doing, she can better consult with her own experts and prepare for trial. "`Our system of discovery," theBaxter Court declared, "is designed to make available information that is reasonably calculated to lead to relevant evidence concerning the respective positions of the parties . . . . A litigation strategy that features surprise to the adversary is no longer tolerated.'" Id. (quoting Young v. Latta, 123 N.J. 584,597, 589 A.2d 1090 (1991)). "`[A] plaintiff should know as early in the case as possible whether a defendant will seek to prove the fault of a co-defendant . . . . A defendant who produces in expert report (whether its own or that of another party) and fails to allege well before trial the causative fault of a co-defendant may be precluded from asserting at trial that co-defendant's fault in the event of a settlement." Baxter v.Cardiology Associates of New Haven, P.C., supra, 46 Conn. App. At 385 (quoting Young v. Latta, supra, 123 N.J. at 597). "`[T]rial courts should not countenance — that is, the court should not permit the non-settler to wait until the last minute before alerting the court and the plaintiff's lawyer that the settler's conduct will be at issue . . . . [T]actics cannot be allowed to fail discovery . . . .'" Id. (quoting Young v. Latta, supra,123 N.J. at 597-98).
Here, the plaintiff asks initially if the defendant "contends" that any physician health care provider committed malpractice in his or her examination, care and/or treatment of the plaintiff's decedent in the relevant time frame. The Court construes this CT Page 2864 interrogatory as a simple request for notice, under Baxter, as to whether or not the defendant will defend itself at trial by proving the negligence of any of its co-defendants.
If the defendant answers Interrogatory #13 in the affirmative, it must supply the details of its claim(s) of negligence by answering the further questions put to it in Interrogatories ##14 and 15. Interrogatory #14 is a "contention interrogatory, " asking the defendant to identify the particular co-defendant(s) it will claim to have been negligent, to specify the date and general nature of the alleged negligence, to describe the harms allegedly caused by the alleged negligence, and to state if the defendant claims it relied on the co-defendant's alleged negligence in its own examination, care or treatment of the plaintiff's decedent. Disclosure of such information as soon as possible is essential to the plaintiff's ability to prepare herself meaningfully for trial.
Interrogatory #15 asks the defendant to reveal its awareness of any criticism of the medical care or treatment rendered to Crafton Blake which is the subject matter of this action, and if so, to give pertinent details as to the source and substance of such criticism, the way in which the criticism was communicated, and the location of any writing pertaining to the criticism.
The information sought is clearly likely to lead to the discovery of relevant information, and thus is discoverable unless privileged. The defendant objects to such disclosure on the basis of privilege. The defendant, however, has supplied no privilege log supporting its claims of privilege. Such a log, in the form described in paragraph 3 of this ORDER, above, shall be prepared and served on plaintiff's counsel on or before March 22, 2000.
5. The defendant's objection to Interrogatory # 16 is OVERRULED. Though the defendant has not interposed a special defense of comparative negligence, the plaintiff is entitled to know as soon as possible if any such defense may ultimately be raised. She is also entitled to know if the defendant will contend that her decedent was the sole proximate cause of his own alleged injuries.
6. To the extent that the defendant's objections to Interrogatories ## 19 and 20 are based on claims of privilege, the defendant must substantiate its claims by a proper privilege CT Page 2865 log, in the form described in paragraph 3 of this ORDER, which shall be prepared and served on plaintiff's counsel on or before March 22, 2000.
7. Defendant's objections to Interrogatories # 47-51, requesting detailed information concerning the defendant's employees who participated in rendering medical services to the plaintiff's decedent in the relevant time frame, are OVERRULED in the following respects:
 a. Defendant must provide the plaintiff with the information requested for the period before April 8, 1992.
 b. Defendant must provide the plaintiff with the information requested for the period following April 8, 1992 to the extent that such information pertains to any suspension, revocation or non-renewal of license, revocation or loss of privileges, suspension from the practice of medicine or nursing, or discharge from employment based on conduct allegedly occurring, in whole or in part, on or before April 8, 1992.
8. Defendant's objections to Interrogatory #52 are OVERRULED in the following respects only:
 a. Defendant must provide the plaintiff with the caption, date and docket number of any lawsuit to which it knows that the employee in question was a party while employed by the defendant.
 b. Defendant must provide the plaintiff with the caption, date and docket number of any lawsuit to which it knows that the employee in question was a party prior to April 8, 1992.
 c. Defendant must provide the plaintiff with the caption, date and docket number of any lawsuit to which it knows that the employee in question was a party based on conduct allegedly occurring, in whole or in party, on or before April 8, 1992.
9. Defendant's objection to Interrogatory #53 is SUSTAINED.
With respect to defendant Sunil D'Cunha, M.D.
10. Defendant's objection to plaintiff's Interrogatory #14 is OVERRULED for the reasons stated in paragraph 5 of this ORDER CT Page 2866 with respect to similar objections to an identical interrogatory made by defendant Bridgeport Hospital.
11. Defendant's objections to Interrogatories ## 29-32 are OVERRULED for the reasons stated in paragraphs 3 and 4 of this ORDER with respect to similar objections to an identical interrogatory made by defendant Bridgeport Hospital.
With respect to defendant's Mitchell Driesman, M.D., and RichardTaikowski, M.D.
12. The defendants' objections to Interrogatory #14 are OVERRULED for the reasons stated in paragraph 5 of this ORDER with respect to similar objections to an identical interrogatory made by defendant Bridgeport Hospital.
13. The defendants' objection to Interrogatories ##29-32 are OVERRULED for the reasons stated in paragraphs 3 and 4 of this ORDER with respect to similar objections to an identical interrogatory made by defendant Bridgeport Hospital.
14. Defendants' objections to Interrogatory # 15 are SUSTAINED.
15. Defendants' objections to Interrogatory # 25 are OVERRULED.
16. Defendants' objections to Interrogatory # 40 are SUSTAINED without prejudice to the plaintiff's right to seek such information from the defendants when they are deposed.
With respect to defendant Lawrence Beck, M.D.
17. Defendants' objections to Interrogatories ## 29-32 are OVERRULED for the reasons stated in paragraph 3 and 4 of the ORDER with respect to similar objections to an identical interrogatory made by defendant Bridgeport Hospital.
With respect to all defendants:
18. Defendants' objections to requests for production of documents and materials referenced in answer to particular interrogatories previously ruled on in this ORDER are SUSTAINED or OVERRULED in accordance with the ruling on the interrogatory in question.
SO ORDERED this 28th day of February, 2000. CT Page 2867
Michael R. Sheldon, J.